**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CAMPBELL GLOBAL, LLC, a Delaware limited liability company; BASCOM SOUTHERN, LLC, a Delaware limited liability company, | No.    18-35337 |
| | D.C. No. 3:16-cv-02091-MO |
| Plaintiff-Appellants, | MEMORANDUM[*] |
| v. | |
| AMERICAN STATES INSURANCE CO., an Indiana corporation; AMERICAN ECONOMY INSURANCE COMPANY, an Indiana corporation; GENERAL INSURANCE COMPANY OF AMERICA, a New Hampshire corporation; and FIRST NATIONAL INSURANCE COMPANY OF AMERICA, a New Hampshire corporation, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted October 23, 2019

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Portland, Oregon

Before: FARRIS, BEA, and CHRISTEN, Circuit Judges.

Campbell and Bascom appeal from a decision of the District Court granting partial summary judgment for their insurers in a breach of insurance contract action. At the conclusion of Campbell and Bascom's underlying 45-year forestry operations lease with Alabama landowners, the landowners filed an arbitration action for breach of contract and negligence, among other claims. The arbitrators awarded the landowners $3,506,214 in damages. Campbell and Bascom's insurers refused to indemnify them for that award.

Under Oregon law, when an insured seeks indemnification for damages it owes, "what the insured had become obligated to pay as damages and whether the insurer ultimately was liable under its policy present[] questions of law for the court to determine by reference to (a) the [insurance] contract and (b) the judgment and record in the underlying proceeding." *Fountaincourt Homeowners' Ass'n v. Fountaincourt Dev., LLC*, 380 P.3d 916, 926 (Or. 2016). The insurance policies defined "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." The Oregon Supreme Court has held that "'accident' has a tortious connotation. Damage solely caused by

failure to perform a contract is not recoverable in tort." *Kisle v. St. Paul Fire & Marine Ins. Co.*, 495 P.2d 1198, 1200 (Or. 1972).

The arbitration award contained the finding that Campbell and Bascom acted deliberately and in bad faith. For example, they planted substandard seedlings on the leased land while planting improved seedlings on their own, and they failed to fix deficiencies in the land despite receiving notice of those deficiencies several years prior to the expiration of the lease. The actions to which the arbitration award attributed damages cannot fairly be described as negligent, and therefore were not a covered "occurrence" under the policies. *See Oak Crest Const. Co. v. Austin Mut. Ins. Co.*, 998 P.2d 1254, 1257–58 (Or. 2000).

Further, in the paragraph of the arbitration award that enumerates the damages, the arbitrators (a) cite Campbell and Bascom's contractual requirement to return the lands in "good condition," (b) state that Campbell and Bascom breached this contractual requirement, and (c) conclude that the property owners suffered damages "due to" this breach. This is a clear statement that the damages for which Campbell and Bascom seek indemnification sound in contract. Campbell and Bascom did not persuasively argue that the arbitration award sounded in negligence.

The arbitrators awarded attorneys' fees as damages for breach of contract, which the District Court correctly interpreted not to come within the policies' coverage. Furthermore, the District Court properly denied Campbell and Bascom's motion for reconsideration, which largely restated their previous arguments. In general, parties may not call on the arbitrators to explain their arbitration award after the fact.

**AFFIRMED.**